UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARC S. ALLEN, SR.,** | * | CIVIL ACTION NO. |
| *Plaintiff,* | * | |
| | * | SECTION: |
| **VERSUS** | * | |
| | * | DISTRICT JUDGE |
| | * | |
| **MEGAN J. BRENNAN,** | * | |
| **in her official capacity as** | * | |
| **POSTMASTER GENERAL,** | * | |
| *Defendant.* | * | MAGISTRATE JUDGE |
| | * | |
| | * | |
| | * | JURY TRIAL DEMAND |

**************************************

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Marc S. Allen, Sr., Plaintiff herein, who respectfully alleges and avers the following:

## PARTIES

1.

Plaintiff, Marc S. Allen, Sr. (hereinafter "Mr. Allen"), is a disabled male beyond the full age of majority, having the requisite mental capacity to bring this lawsuit, and presently residing and domiciled in Jefferson Parish, Louisiana.

2.

Made Defendant herein is Megan J. Brennan in her official capacity as Postmaster General of the United States Postal Service (hereinafter "USPS"), a federally established agency and Plaintiff's former employer.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over this claim pursuant to Title 29, Code of

-1-

Federal Regulations, Part 1614.110(a), as Plaintiff, on October 24, 2019, received a Notice of Final Action from the U.S. Postal Service regarding the Equal Employment Opportunity Case No. 461-2019-00014X, which was filed by Plaintiff on April 27, 2018 in pursuit of the claims at issue in this Complaint.  The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.* ("ADA").

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(d) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district, Defendant maintains offices in this district, and Defendant is subject to the Court's personal jurisdiction with respect to the claims asserted herein.

## **BACKGROUND FACTS**

5.

In or about February, 2014, Mr. Allen began his employment with USPS as a Custodial Laborer at the Processing and Distribution Center located at 701 Loyola Avenue in New Orleans, Louisiana.

6.

Mr. Allen's job duties included, but were not limited to, cleaning USPS's Processing and Distribution Center's facilities, making minor maintenance repairs to the building and equipment, maintaining and cultivating the property's landscaping, organizing storage and mail rooms, and performing general tasks such as uncrating and assembling furniture, installing fixtures, and maintaining other equipment.

7.

Mr. Allen is a disabled veteran who in December of 2003 was first diagnosed with

chronic plantar fasciitis in both feet. Plantar faciitis is a medical condition that causes severe pain in the bottom of the foot and is triggered by long periods of standing or strenuous physical activity. Because of his bilateral plantar faciitis diganosis, the Department of Veterans Affairs classified Mr. Allen as disabled with a compensable disability rating of ninety percent (90%).

8.

Because the long hours Mr. Allen was required to remain on his feet during his workday caused severe pain, on August 15, 2016, Mr. Allen formally requested a light duty assignment. Mr. Allen first submitted his request for a light duty assignment to USPS's Maintenance Manager Mark Sivori ("Sivori").

9.

Sivori failed to handle and process Mr. Allen's first accommodation request in compliance with USPS' established procedures by not alerting the District Reasonable Accommodation Committee ("DRAC"). As a result, Sivori erroneously denied Mr. Allen's initial request for reasonable accommodation.

10.

On or about May 18, 2017, Mr. Allen submitted a second request for a light duty assignment to supervisor Tara Smith-Augustin. Upon information and belief, Tara Smith-Augustin submitted Mr. Allen's request to DRAC.

11.

On or about July 13, 2017, Mr. Allen appeared before the DRAC council to present his arguments for a reasonable accommodation through a light duty assignment.

12.

On September 13, 2017, Mr. Allen received a notice from DRAC informing him that

there was a delay in processing his request but that DRAC would render a decision within thirty days of the notice.

13.

In or about November, 2017, DRAC requested Mr. Allen provide additional medical documentation to support his request. In response, Mr. Allen provided the committee with his Physician's Statement of Medically Necessary Light Duty, which indicated that Mr. Allen was *limited to standing for a maximum of one-hour, followed by a period of rest for one-hour.*

14.

On January 17, 2018, two years after Mr. Allen's initial request for a light duty assignment, DRAC issued its ruling, granting Mr. Allen's request for reasonable accommodation. To Mr. Allen's relief, Defendant determined that the accommodations set forth by Mr. Allen's physician were appropriate and would be implemented.

15.

However, DRAC interpreted the Physician's Statement as suggesting that Mr. Allen was unable to perform *any tasks* relating to his employment duties for the requested one-hour period of "rest," followed by a maximum of one-hour on his feet. Consequently, the agency instructed Mr. Allen to clock-out at the beginning of each of his one-hour rest periods and then clock-in to resume working. Under this improper interpretation of Mr. Allen's prescribed reasonable accommodation, Mr. Allen would not be paid for his one-hour periods of rest, which were now mandatory.

16.

Because his light duty request was approved, Mr. Allen began performing his usual duties for an hour and then rested for an hour in alternating intervals. USPS did not provide Mr.

Allen sedentary duties to perform during the one-hour he spent off his feet. Although USPS had several potential tasks that Mr. Allen could perform while sitting that directly related to his duties as a Custodial Laborer, USPS insisted Mr. Allen clock in and out in hourly intervals throughout his workday.

17

Because he was fully prepared and able to perform sedentary tasks, Mr. Allen did not clock out during his rest periods.

18.

Thereafter, USPS issued Mr. Allen a letter of warning because he was not clocking-out during his rest breaks. Thus, USPS forced Mr. Allen to choose between either being paid for just half of the time he spent at USPS's facility, prepared and willing to work, or using his paid leave time to be fully compensated for each eight-hour workday.

19.

In or about April 2018, in an attempt to clarify his light duty requirements, Mr. Allen submitted a second Physician's Statement of Medically Necessary Light Duty. Rather than attempting to accommodate Mr. Allen's light duty request, USPS instead forced him into an unpaid furlough from working at USPS without explanation.

20.

In or about January of 2019, the USPS oversight committee investigated the reason Mr. Allen was placed on unpaid leave. Despite Mr. Allen's clearly expressed desire to return to work as soon as possible, the committee did not identify a reason for Mr. Allen having been placed on punitive unpaid leave.

21.

Finally, in or about August of 2019, after Plaintiff had been out of work for months, USPS permitted Mr. Allen to return to his job as Custodial Laborer. Despite no change in Mr. Allen's disability, he was permitted to perform his normal tasks for one hour, then perform other, sedentary custodial tasks while off his feet for one hour, as originally intended by his physician.

## CAUSES OF ACTION

22.

Plaintiff realleges Paragraphs 1 through 21.

23.

At all times relevant to this dispute, Defendant was responsible for the acts of its employees. Defendant is liable for the conduct described herein, as carried out by its managers, employees, and agents under the doctrine of Respondent Superior, as all of the conduct alleged herein occurred in the course and scope of such managers', employees' and agents' respective work duties.

24.

Upon information and belief, all of the actions complained of herein were undertaken with malice and/or reckless indifference to Plaintiff's state and federally protected civil rights.

25.

At all times relevant to this dispute, Plaintiff suffered a physical impairment that substantially limited one or more of his major life activities as defined in the ADA.

26.

Plaintiff provided multiple Physician's Statements to Defendant describing in detail his physical condition and functional limitations. Thus, Defendant had actual knowledge of

Plaintiff's disability.

27.

Plaintiff requested an accommodation from Defendant regarding his work duties that was reasonable under the circumstances of his job duties and appropriate to his disability, yet Defendant failed to provide Plaintiff reasonable accommodations.

28.

Moreover, Plaintiff suffered an adverse employment action when forced to utilize his paid leave time or suffer a reduction in pay. Thereafter, Defendant forced Plaintiff on leave without pay for fifteen (15) months for requesting such an accommodation.

29.

Defendant knew, or should have known, that its actions would cause the kind of grief and mental anguish that Plaintiff suffered, which was a direct and proximate result of Defendant's unlawful actions.

30.

As a result of the unlawful actions alleged against Defendant herein, Defendant is liable unto Plaintiff Allen for damages including back pay; mental anguish; humiliation; and embarrassment; loss of reputation; loss of enjoyment of life; foreseeable damages; compensatory damages; punitive damages; prejudgment interest; attorney's fees and all costs of these proceedings.

## JURY DEMAND

31.

Plaintiff demands trial by jury on all issues so triable herein.

**WHEREFORE**, Plaintiff, Marc S. Allen, prays that Defendant, Megan J. Brennan, in her

capacity as Postmaster General of the United States Postal Service, be duly cited and required to appear and answer Plaintiff's Petition for Damages and Jury Demand and, after due proceedings had and legal delays, there be judgment rendered herein in favor of Plaintiff and against Defendant on the grounds alleged in the foregoing Petition for Damages, in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs and proceedings, attorney's fees and for any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

        Respectfully submitted,

        */s/* G. Karl Bernard_____
        G. Karl Bernard (#24294)
        G. KARL BERNARD & ASSOCIATES, LLC
        1615 Poydras Street, Suite 101
        New Orleans, Louisiana 70112
        Telephone:   (504) 412-9953
        Facsimile:   (504) 412-8088
        karlbernard@karlbernardlaw.com

        **Attorney for Plaintiff, Marc S. Allen**