UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARC S. ALLEN, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO:  20-242** |
| **LOUIS DEJOY, POSTMASTER GENERAL** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Summary Judgment** (Rec. Doc. 17) is **GRANTED**, and plaintiff's claims are **DISMISSED** with prejudice.

### BACKGROUND

The following facts are excerpted from defendant's Statement of Uncontested Material Facts, and have been specifically admitted by plaintiff.[1]

Beginning around February 2014, plaintiff, Marc S. Allen, Sr., began working for the United States Postal Service ("USPS") as a Custodial Laborer at the USPS Processing and Distribution Center located at 701 Loyola Avenue in New Orleans. As a custodian, Allen's job duties included sweeping, mopping, vacuuming, cutting grass, and cleaning restrooms and break rooms, as well as minor maintenance repairs, landscaping, room organization, furniture assembly, and fixture installation.

Allen alleges that he has chronic bilateral plantar fasciitis that causes him foot pain. Due to his chronic foot pain, Allen requested a light duty assignment from the USPS in 2016. This request was submitted to the District Reasonable Accommodation Committee (DRAC), which began the process of evaluating Allen's request for accommodations on May 18, 2017. Allen also submitted a Medical Information and Restriction Assessment, completed by his treating physician, Dr. Michael DeMarco. Dr. DeMarco stated that Allen's medical

---

[1] For convenience, the paragraph numbers have been deleted and the facts are set forth in narrative form.

restrictions and limitations were: "lifting 12 lbs; standing maximum 1 hour and rest one hour. Unable to carry vacuum; no driving; no cutting grass."

On July 6, 2017, the DRAC held a meeting with Allen, with notes taken during the meeting. The DRAC requested additional medical information to clarify Dr. DeMarco's requested limitation of standing a maximum of one hour, followed by one hour of rest. Allen agreed to provide this information. On August 30, 2017, Allen notified the DRAC that he was not able to provide any additional medical information and that he required one hour of rest after one hour of work. The USPS cannot work Allen outside his medical restrictions, because it would violate the collective bargaining agreement with the APWU.[2]

The court's review of the record further indicates that on January 17, 2018, the DRAC granted Allen an accommodation, which it contends is consistent with Dr. DeMarco's recommendation, allowing him to rest one hour following each hour of work, and requiring Allen to clock out during his rest hours.

Allen submitted an EEOC Complaint to USPS alleging disability discrimination, contending that USPS would not make a reasonable accommodation for his disability because it did not provide light duty work, instead requiring him to clock out and rest every other hour. On October 19, 2019, the EEOC Administrative Judge issued a decision and order in favor of the USPS, finding that Allen "was effectively accommodated in compliance with his medical restrictions," noting that "nowhere in his medical restrictions does it provide that [Allen] could work during his hour of 'rest.' " The USPS implemented the administrative decision and issued a final action rejecting Allen's administrative complaint of discrimination. Allen filed the instant lawsuit on January 22, 2020, alleging that USPS violated the Americans with Disabilities Act by

---

[2]Defendant's Statement of Uncontested Facts, Rec. Doc. 17-15, ¶¶ 1, 2, 4, 5, 6, 8, 9, 11.

failing to provide a reasonable accommodation.[3]

    USPS has filed the instant motion, arguing that it is entitled to summary judgment because plaintiff cannot state a prima facie case of disability discrimination.

## DISCUSSION

### *Summary Judgment Standard*

    Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In analyzing the appropriateness of summary judgment in an ADA discrimination claim, courts utilize the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Hammond v. Jacobs Field Servs., 499 F. App'x 377, 380–81 (5th Cir. 2012). Under that framework, a plaintiff must first establish a prima facie case of discrimination. Id. (citing McDonnell Douglas, 411 U.S. at 802). If the plaintiff establishes a prima facie case, the burden shifts to the employer, who must articulate a legitimate, nondiscriminatory reason for the adverse employment action. Id. If the employer satisfies that burden, the burden of production reverts back to the plaintiff, who must show that the defendant's proffered reason was a pretext for illegal discrimination. Id. (citing McDonnell Douglas, 411 U.S. at 804). "A prima facie case coupled with a showing that the proffered reason was pretextual will usually be sufficient to survive summary judgment." Id. (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 146–48 (2000) (ADEA case); E.E.O.C. v.

---

    [3] As discussed infra, Allen's claim is properly brought under the Rehabilitation Act of 1973.

3

<u>Chevron</u>, 570 F.3d at 615 (citing <u>Reeves</u> for the proposition that <u>McDonnell Douglas</u> applies in ADA discrimination cases)).

***Failure to Accommodate - Prima Facie Case***

The Rehabilitation Act of 1973 prohibits employment discrimination against individuals with disabilities in the federal sector, including the USPS. 29 U.S.C. § 794(a). In determining whether the Rehabilitation Act has been violated, courts apply the standards for employment discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. 12111 <u>et seq.</u> ("ADA"). 29 U.S.C. § 794(d). The ADA prohibits an employer's failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability ..., unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business." 42 U.S.C. § 12112(b)(5)(A). "'[R]easonable accommodation' may include. . . job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C.A. § 12111(9)(B). To prevail on a failure-to-accommodate claim brought under ADA, a plaintiff must prove that (1) he is a qualified individual with a disability; (2) the disability with its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for the known limitations. <u>Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.</u>, 730 F.3d 450, 454 (5th Cir. 2013).

*Application to Facts of Case*

The USPS argues that plaintiff cannot state a prima facie case, because he cannot establish that he is a qualified individual with a disability, and that it did make a reasonable accommodation. Pretermitting the question whether Allen is a qualified individual, the undisputed facts of this case establish that the USPS did not fail to make a reasonable accommodation for Allen's known limitations.

It is undisputed that plaintiff's physician recommended that plaintiff rest for an hour after undertaking tasks that require him to be on his feet, including sweeping, mopping, cleaning restrooms and break rooms, minor maintenance repairs, landscaping, room organization, furniture assembly, and fixture installation. Upon submission of documentation to that effect, the USPS offered Allen an accommodation whereby he could rest every other hour, but which required him to clock out to do so.

Allen contends that this is not a reasonable accommodation, because despite the limitations imposed by his physician, he is capable of doing "light duty" custodial work that would enable him to work off of his feet for four alternating hours per day. He contends that the USPS's refusal to craft such an accommodation constituted unlawful discrimination. At the same time, Allen specifically admits that the USPS cannot assign him work outside his medical restrictions, because to do so would violate the operative collective bargaining agreement. He also admits that he was encouraged by USPS to obtain a clarification from his physician stating that the rest hour did not require complete rest, but could involve less strenuous work, but he declined to do so.

5

Thus, Allen does not dispute that his doctor required him to rest every other hour, that Allen declined to obtain documentation permitting him to work light duty instead of resting every other hour, and that his employer offered him the option to rest every other hour (albeit without being paid for the rest hours). Rather, he argues that because during other time periods (and apparently at present), USPS has allowed him to work under a 50% light duty arrangement, it should have done so then.

However, the court finds that Allen's proposed accommodation – permitting him to work beyond the constraints imposed by his physician – would pose an undue hardship on USPS because it would require it to violate its collective bargaining agreement. If Allen believed he was capable of work beyond his physician-imposed restrictions, the obvious solution was for him to obtain documentation to that effect from his physician, which USPS specifically requested that he do. Allen declined to pursue this course of action. Finally, part-time or modified work schedules are specifically itemized as reasonable accommodations. 42 U.S.C.A. § 12111(9)(B); see also, Thompson v. Microsoft Corp., 2 F.4th 460, 467 (5th Cir. 2021).

On these undisputed facts, the court finds that the accommodation offered was reasonable. Thus, plaintiff cannot establish that USPS failed to make reasonable accommodations for the known limitations, and therefore he has not stated a prima facie case. USPS is entitled to summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion for Summary Judgment** (Rec.

Doc. 17) is **GRANTED**, and plaintiff's claims are **DISMISSED** with prejudice.

New Orleans, Louisiana, this  15th  day of October, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**